**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1794
_____

JAMIE McVICKER,

Appellant

v.

DR. RITA COMACHO; DANIEL C. VITTONE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:21-cv-00070)
District Judge: Honorable Stephanie L. Haines

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on July 13, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: July 20, 2023)

_____

_____

OPINION[*]

_____

**PER CURIAM**

Pro se appellant Jamie McVicker, proceeding in forma pauperis, appeals from the District Court's judgment in favor of Defendant Rita Comacho in this 42 U.S.C. § 1983 action.[1] Since McVicker does not present a substantial question, we will summarily affirm.

I.

McVicker alleges that the Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care during his confinement in the Municipal County Jail of Somerset, Pennsylvania. On June 19, 2017, McVicker began to suffer from blurry vision, an inability to see out of his left eye, headaches, dizziness, nausea, and an unsteady gait. His symptoms persisted, and he informed the officers and medical staff at the prison. He was treated by a nurse and an on-call physician's assistant, the latter of whom referred McVicker on June 21, 2017, for an ophthalmology consultation on an urgent basis. On June 27, 2017, he was evaluated by Dr. Kimberly Riggs at the Formica Optical business in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] McVicker also filed a motion for default judgment against Defendant Daniel C. Vittone in light of his failure to respond to the complaint. An attorney representing Vittone filed a response to the motion in which he indicated that Vittone had passed away on May 23, 2021, before being named as a defendant in these proceedings. A Magistrate Judge recommended that the motion be denied. The District Court accepted this recommendation, and denied the motion. The Magistrate Judge also recommended that the District Court dismiss the claims against Vittone, which the District Court did. This left Comacho as the only remaining defendant in this proceeding.

2

Somerset. Dr. Riggs diagnosed McVicker with a "swollen disc of the left eye" and allegedly told McVicker at that time that his condition constituted an emergency. Dr. Riggs referred McVicker to Defendant Daniel C. Vittone, an eye doctor who evaluated McVicker and confirmed Dr. Riggs' diagnosis. Vittone identified McVicker's condition as optic neuritis, and ordered an MRI, which was performed on July 13, 2017. McVicker had a follow-up appointment with Vittone on July 31, 2017. At that time, Vittone informed McVicker that the MRI results were negative, and he was prescribed aspirin. McVicker visited Vittone four more times over the next year, and the health of his left eye improved over this period from 20/200 to 20/140.

On August 9, 2017, Defendant Rita Comacho, a doctor who served as a medical provider for the Somerset County Jail, evaluated McVicker. Noting that he was under the care of an ophthalmologist, she continued the course of care already underway. On August 30, 2017, Comacho examined McVicker, and ordered a rheumatology consultation. Shortly thereafter, McVicker met with Dr. Alan Kivitz to discuss his medical history and the possibility of an autoimmune disease; the tests in this area came back negative. McVicker had four follow-up appointments with Comacho over the next year. On August 1, 2018, McVicker was transferred to State Correctional Institution ("SCI") Greene, and on August 11, 2018, he was evaluated by a certified registered nurse practitioner ("CRNP") at SCI Camphill. He was subsequently evaluated by medical professionals at SCI Houtzdale and in State College, Pennsylvania. On February 15, 2019, McVicker was diagnosed with diffuse retinal atrophy.

3

McVicker makes the following claims against Comacho and Vittone alleging deliberate indifference to his health and safety:

1. Comacho failed to provide McVicker with adequate medical care from June 19, 2017, to June 26, 2017, and refused to send McVicker to be evaluated by other healthcare professionals;

2. Comacho refused to provide medical care during the operation of sick call on June 21, 2017;

3. Comacho refused to provide McVicker with oncological care, follow-up visits with his oncologist, or a pet scan;

4. Comacho refused to follow the recommendations of Dr. Allen Kivitz, a specialist in rheumatology;

5. Comacho and Vittone failed to diagnose the underlying cause of McVicker's medical condition;

6. Comacho refused to provide McVicker with a neurology consultation visit and a test for multiple sclerosis because of the costs associated with the course of treatment;

7. Comacho and Vittone continued an ineffective course of treatment; and

8. Comacho refused to provide McVicker's medical records to the medical department at SCI Houtzdale.

McVicker and Comacho filed separate motions for summary judgment. A Magistrate Judge issued a report and recommended denying McVicker's motion and granting

Comacho's motion. The District Court overruled McVicker's objections, granted Comacho's motion, and denied McVicker's. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review with respect to the grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

We must dismiss this appeal if we conclude that it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). We may summarily affirm the District Court's order if we conclude that McVicker has not presented a substantial question or that subsequent precedent or a change in circumstances warrants such action. See 3d Cir. LAR 27. 4 and IOP 10.6.

To state a claim under § 1983 that prison medical care violated his Eighth Amendment rights, a prisoner must point to "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016). Inadequate care stemming from errors in medical judgment is not actionable under the Eighth Amendment. Id. "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017). There is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

## III.

5

We agree with the District Court's conclusion that McVicker failed to provide evidence demonstrating that Comacho was deliberately indifferent to this serious medical need. McVicker failed to show that Comacho had personal involvement or knowledge of his condition between June 19, 2017, and June 26, 2017, which is the relevant period for his first two claims against her. Similarly, there is no evidence of deliberate indifference with respect to McVicker's prior medical history of cancer because treatment for this ailment had halted over a year before the events related to this case, his cancer did not reoccur, Comacho was not on notice of any need for continued monitoring in this regard, and there was no evidence of harm that occurred as a result of this lack of treatment.

McVicker's other claims are also unavailing. He argues that his Eighth Amendment claim is warranted because Comacho's treatment was ineffective, but effectiveness is not the standard for this cause of action. Rather, he needed to show deliberate indifference, and as the District Court explained, he failed to do so. His arguments regarding an inability to access consultation and treatment from other medical professionals are belied by the record showing that he received such care, as well as care from Comacho and Vittone themselves. McVicker's claims amount to a mere disagreement about medical judgment, and that is insufficient to fend off a summary judgment challenge. See White, 897 F.2d at 110. Finally, McVicker fails to provide any evidence that Comacho refused to provide him with his medical records, that any delay in providing medical records stemmed from a

deliberate indifference on Comacho's part, or that any delay resulted in harm to McVicker or interfered with his medical treatment after his departure from Somerset County Jail.[2]

For the reasons stated above, we conclude that McVicker has not presented a substantial question and thus will summarily affirm the District Court's order.

---

[2] The reasoning presented above also supports the District Court's decision to deny McVicker's motion for summary judgment. Additionally, since McVicker's claims are meritless, there is no need to address the District Court's determination that most of his claims were barred by the statute of limitations.